UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALICIA OPHELIA MONDELUS,

              Petitioner,

v.

KEVIN RAYCRAFT et al.,

              Respondents.

_____/

Case No. 1:26-cv-1206

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on April 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the January

30, 2026, bond hearing on April 21, 2026. (Resp., ECF No. 5; Recording of, Bond Hearing, filed on Apr. 21, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of Jamaica who entered the United States in 1996 on an H4 visa for a temporary period not to exceed June 7, 2005. (2026 Form I-213, ECF No. 5-1, PageID.41.) Petitioner remained in the United States following the expiration of her visa. (*Id.*)

On January 15, 2026, ICE agents arrested Petitioner. (*Id.*) A bond hearing was held by the Detroit Immigration Court on January 30, 2026, at which time an Immigration Judge denied Petitioner's request for bond, stating, "Danger and flight risk." (Jan. 30, 2026, Immigration Judge Order, ECF No. 5-3, PageID.48.) Thereafter, on April 3, 2026, Petitioner was "granted pre-conclusion voluntary departure under the [INA] in lieu of removal." (Apr. 3, 2026, Immigration Judge Order, ECF NO. 5-4, PageID.53–55.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner contends Respondents are subjecting her to unlawful detention. However, in this case, Respondents concede that Petitioner's detention is governed by § 1226 because Petitioner was lawfully admitted to the United States on an H4 visa, which she subsequently overstayed.

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge," *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted), and, prior to initiating this action, Petitioner had a § 1226 bond hearing in the Detroit Immigration Court, which resulted in the Immigration Judge issuing a written decision denying Petitioner's request for bond on January 30, 2026. (Jan. 30, 2026, Immigration Judge Order, ECF No. 5-3, PageID.48.) Although in the present § 2241 petition, Petitioner argues that her detention generally violates the

Due Process Clause of the Fifth Amendment, based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.

Petitioner also contends that she is entitled to habeas relief because Respondents arrested Petitioner without a warrant. (Pet., ECF No. 1, PageID.6.) The Court agrees that "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Cristian Z. v. Bondi*, No. 26-cv-157, 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation modified); *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."). However, even if the Court assumes that a warrant was required for Petitioner's arrest, the failure to acquire a warrant alone does not entitle Petitioner to release in this § 2241 action.

In the immigration context "an unlawful arrest does not automatically result in suppression of evidence." *Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *5 (W.D. Wash. Jan. 26, 2026); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1051 (1984) ("We hold that evidence derived from [an unlawful arrest] need not be suppressed in an [immigration] civil deportation proceeding."). The Sixth Circuit has acknowledged that *Lopez-Mendoza* established that a defendant, including his identity or body, is properly before a court "regardless of whether this information was obtained in violation of his Fourth Amendment rights." *United States v. Navarro-Diaz*, 420 F.3d 581, 588 (6th Cir. 2005). Thus, "the 'body' or 'identity' of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *Lopez-Mendoza*, 468 U.S. at 1039. Therefore, "once deportation proceedings have begun[,] the legality

of the alien's detention" based on the absence of a warrant "can no longer be tested by way of a habeas corpus proceeding." *Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982)

Here, it is undisputed that deportations proceedings are presently underway. Accordingly, the Court need not address the substantive issue of whether Petitioner's constitutional rights were violated as a result of her warrantless arrest because even if they were, she is not entitled to habeas relief on that basis.

Accordingly, for the foregoing reasons, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:     April 28, 2026                          /s/ Jane M. Beckering
                                                   Jane M. Beckering
                                                   United States District Judge